OPINION
PER CURIAM.
Oswaldo Galindo-Torres petitions for review of a decision rendered by the Board of Immigration Appeals on July 31, 2008. For the reasons that follow, we will deny the petition for review.
I. Background
Galindo-Torres is a native and citizen of Colombia. He arrived in the United States in May 2004 and overstayed his temporary visa. He conceded removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”), claiming he suffered past persecution and fears future persecution in Colombia based upon his failure to join the Colombian rebel group known as the “FARC.” Specifically, Galin-do-Torres claims that, beginning in April 2003, two FARC representatives repeatedly harassed him and threatened his life and his family because he would not agree to join the FARC or to organize street vendors on the FARC’s behalf.
On December 13, 2006, the IJ issued an oral decision. Among other things, the IJ determined that Galindo-Torres did not establish that the alleged persecution was on account of any protected ground, that *816 he ever suffered any actual harm, that he ever informed the government about the harassment, or that his family members who continue to reside in Colombia face any harm. Accordingly, the IJ concluded that Galindo-Torres did not meet his burden of proof and denied the application.
Galindo-Torres appealed. The BIA affirmed the Id’s decision and dismissed the appeal on July 31, 2008. This timely petition for review followed.
II. Analysis
We review the BIA’s decision. Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir.2002). We review legal conclusions de novo, see Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir.2003), and uphold factual determinations if they are supported “by reasonable, substantial and probative evidence on the record considered as a whole.” Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir.2004). Ultimately, for Galindo-Torres to succeed on his petition for review, this Court “must find that the evidence not only supports that conclusion [that the application should have been granted], but compels it.” INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).
Galindo-Torres attempted to prove that he suffered past persecution in Colombia and, as a result, is entitled to a rebuttable presumption that he would also face future persecution.[1] See Lukwago v. Ashcroft, 329 F.3d 157, 174 (3d Cir.2003). “To establish eligibility for asylum on the basis of past persecution, an applicant must show: (1) an incident, or incidents that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces a government is either unable or unwilling to control.”[2] Abdulrahman v. Ashcroft, 330 F.3d 587, 592 (3d Cir.2003). The BIA concluded that Galindo-Torres failed to meet his burden of proof to establish that he suffered past persecution.
A.
To obtain asylum, an individual must demonstrate that he is a “refugee” within the meaning of the INA. To do so requires a showing that he is unwilling or unable to return to his home country because of “... persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.” INA § 101(a)(42)(A) [8 U.S.C. § 1101(a)(42)(A) ]. Galindo-Torres argues that the BIA erroneously concluded that he failed to show persecution “on account of any statutorily-protected ground.” Specifically, Galindo-Torres claims “membership in a particular social group” targeted for persecution in Colombia: “influential, respected business people who refuse to aid, join or support the FARC.”[3] See INA § 101(a)(42) [8 U.S.C. § 1101(a)(42) ].
*817 The INA does not define the term “particular social group.” The statutory language is “almost completely open-ended,” see Fatin v. INS, 12 F.3d 1233, 1238 (3d Cir.1993), and we have recognized that the “contours of what constitutes a ‘particular social group’ are difficult to discern.” Lukwago v. Ashcroft, 329 F.3d 157, 170 (3d Cir.2003). Accordingly, in giving meaning to this phrase, we generally have deferred to the BIA’s interpretation. See Fatin, 12 F.3d at 1239; Lukwago, 329 F.3d at 171; see also Chevron U.S.A., Inc. v. Natural Res. Defense Council, Inc., 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).
In A-M-E, the BIA explained that, for purposes of the INA, a proposed “particular social group” must (1) exhibit a shared characteristic that is socially visible to others in the community, and (2) be defined with sufficient particularity. In re A-M-E & J-G-U-, 24 I. & N. Dec. 69, 74-76 (BIA 2007); see also Matter of S-E-G-, et al., 24 I. & N. Dec. 579, 582 (BIA 2008) (“membership in a purported social group requires that the group have particular and well-defined boundaries, and that it possess a recognized level of social visibility.”); In re C-A-, 23 I. & N. Dec. 951 (BIA 2006) (social visibility of the members of a claimed social group is an important consideration in identifying the existence of a particular social group). Relying upon A-M-E-, the BIA concluded that Galindo-Torres made “no showing” that his proposed social group satisfied the social visibility and particularity requirements.[4]
In response, Galindo-Torres argues that, because he actively refused to join the FARC, he “is forever branded as an enemy to a powerful guerilla group that is known to harass, persecute and torture those who do not join them.” He contends that his “refusal status” provides a central and unchangeable reason why the FARC will continue to target him. See Lukwago, 329 F.3d at 178 (“immutability” of the shared characteristic is required to establish membership in a particular social group).
Even if accepted as true, Galindo-Tor-res’s argument concerning the immutability of his group membership is irrelevant. The BIA did not base its decision on the immutability (or lack thereof) of the shared characteristic common to the proposed group members. Rather, the BIA *818 concluded that Galindo-Torres failed to provide any evidence of social visibility and particularity, reasonably relying on its pri- or precedent setting forth those requirements. See A-M-E-, 24 I. & N. Dec. at 74-76 Galindo-Torres provides nothing to compel us to reach a conclusion contrary to the BIA’s. See Elias-Zacarias, 502 U.S. at 481 n. 1, 112 S.Ct. 812 (1992). We have reviewed the record and conclude that substantial evidence supports the BIA’s decision.
B.
Galindo-Torres also argues that, although the BIA concluded that Galindo-Torres testified credibly about the intimidation, threats, and harassments by the FARC, the BIA “cast some doubt on his credibility” by noting that he failed to report the alleged incidents of persecution to authorities in Colombia. He contends that the BIA impermissibly “invented] explanations to justify its conclusions,” and as a result, the BIA’s decision does not rest upon substantial evidence.
We disagree. The BIA unequivocally accepted the IJ’s determination that Galindo-Torres was “credible.”[5] However, the BIA also determined as a matter of law that the incidents Galindo-Torres described — essentially, threats, intimidation, and harassment by two FARC members— did not rise to the level of past persecution. See Chavarria v. Gonzalez, 446 F.3d 508, 518 (3d Cir.2006).
We have defined persecution to include “threats to life, confinement, torture, and economic restrictions so severe that they constitute a real threat to life or freedom.” Lukwago, 329 F.3d at 168. However, persecution does not encompass all forms of unfair, unjust, or even unlawful treatment. Fatin, 12 F.3d at 1240. Accordingly, we have limited the type of threats constituting persecution to “only a small category of cases, and only when the threats are so menacing as to cause significant actual ‘suffering or harm.’ ” Li v. Att’y Gen., 400 F.3d 157, 164 (3d Cir.2005). Such threats must be highly imminent in nature. Id. We agree with the BIA’s conclusion that the threats and harassment that Galindo-Torres described were not sufficiently menacing or imminent to rise to the level of persecution. See Chavarria, 446 F.3d at 518.
III. Conclusion
In sum, we conclude that the BIA’s decision to deny Galindo-Torres’s application rests upon substantial evidence, and there is nothing in the record that would compel a reasonable fact finder to conclude that reversal is warranted. We have carefully examined Galindo-Torres’s other contentions and find them to be without merit. We will therefore deny the petition for review.

. In his brief, Galindo-Torres raises no argument concerning die denial of his CAT claim. As a result, the claim is waived. See Singh v. Gonzales, 406 F.3d 191, 200 n. 9 (3d Cir.2005).

. Galindo-Torres also sought withholding of removal, and therefore bore the burden of demonstrating a “clear probability” of persecution, by showing "it is more likely than not” that he would be persecuted if he were to return to Colombia. See INA § 241(b)(3)(A) [8 U.S.C. § 1231(b)(3)(A)]; INS v. Cardoza-Fonseca, 480 U.S. 421, 449-50, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). Because the standard for withholding of removal is more stringent than that for asylum, his failure to demonstrate eligibility for asylum necessarily means that his application for withholding of removal must also fail. See Mudric v. Att’y Gen., 469 F.3d 94, 102 n. 8 (3d Cir.2006). For convenience, we will discuss only the asylum application, but our analysis also applies to the withholding of removal claim.

.In the alternative, Galindo-Torres argues that he was persecuted on account of his political opinions, as reflected in his activities aimed at organizing local street vendors. *817 However, because Galindo-Torres did not present this argument to the BIA, it is unex-hausted and we will not consider it. See INA § 242(d)(1) L8 U.S.C. § 1252(d)(1)]; Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir.2005).

. Under BIA precedent, to satisfy the social visibility requirement, Galindo-Torres would have had to present evidence that influential Colombian businesspeople who refuse to join the FARC are "perceived as a group by society" — in other words, they are generally recognized in Colombia to be at some greater risk of harm than others who refuse to join the FARC. See A-M-E-, 24 I. & N. Dec. at 74 (proposed group of "affluent Guatemalans” not socially visible because there was no evidence that wealthy Guatemalans are recognized to be at greater risk of crime than the general population); see also S-E-G-, 24 I. & N. Dec. at 587 (“Salvadoran youths who resisted gang recruitment" was not a socially visible group because the youths were not in a different position from anyone else resisting Salvadoran gangs). To satisfy the particularity requirement, Galindo-Torres would have had to show that the phrase "influential, respected businesspeople” is sufficiently specific to establish the parameters of a particular social group. See A-M-E-, 24 I. & N. Dec. at 76 (wealth was "too amorphous ... too subjective, inchoate, and variable to provide the sole basis for membership in a particular social group."); S-E-G-, 24 I. & N. Dec. at 585 (young men resisting gang membership "make up a potentially large and diffuse segment of society, and the motivation [for targeting them] ... could arise from motivations quite apart from any perception that the males in question were members of a class.”).

. The BIA noted that Galindo-Torres failed to address the IJ's finding that Galindo-Torres did not report the incidents to Colombian authorities. This finding was not in the context of assessing his credibility, but rather in considering whether he established that the government was "unable or unwilling to control” the alleged persecution. See A.R. 69. On appeal, Galindo-Torres argues that he was not required to report the persecution because we agree it would have been futile. However, because we agree with the BIA’s conclusion that Galindo-Torres did not describe harm rising to the level of persecution, we need not reach the issue of whether his objective evidence compels a finding that it would have been futile to report the harm to police.